**Hubert Vernon HARDIN,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.**

No. 80–5568.

United States Court of Appeals,
Fifth Circuit.*
Unit B

June 17, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Thomas E. Reynolds, St. Petersburg, Fla. (court-appointed), for petitioner-appellant.

Michael J. Kotler, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, TJOFLAT and THOMAS A. CLARK, Circuit Judges.

GODBOLD, Chief Judge:

Petitioner was convicted in Florida of robbery and sentenced to a 199 year jail term. By petition for habeas corpus relief he raises three constitutional issues, described below. A United States magistrate conducted a hearing pursuant to 28 U.S.C. § 636(b)(1)(B)[1] and submitted to the district court proposed findings of fact and a recommendation that the petition be denied. Petitioner did not file with the district court any objections to the proposed findings and recommendations pursuant to

---

1. "[A] judge may also designate a magistrate to conduct hearings ... of application for posttrial relief made by individuals convicted of criminal offenses...."

28 U.S.C. § 636(b)(1)(C).[2] The district court, after reviewing a transcript of the hearing,[3] adopted without modification the proposed findings and recommendations.

## I.

In *U. S. v. Lewis*, 621 F.2d 1382, 1386 (5th Cir. 1980), *cert. denied*, 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981), this court considered for the first time the effect on the reviewing court of an appellant's failure to object before the district judge to a magistrate's proposed disposition of the case. There, the court held that a failure to object is "a waiver of [the] right to appeal," and dismissed the appeal because appellant had filed no objections. The rule of *Lewis* was recently reconsidered by Unit B of the former Fifth Circuit en banc, *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (Unit B en banc). There we held that an appellant's failure to object to a magistrate's report "bar[s] the party from attacking on appeal *factual findings* in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice." *Id.* at 405, 410 (emphasis added). This holding substantially reworks the rule in *Lewis*. The failure to object no longer waives the right to appeal but simply limits the scope of appellate review of factual findings to a plain error review; no limitation of the review of legal conclusions results. In *Nettles* we also decided that any limitation of the right to appeal or the scope of appellate review will not result unless the magistrate informs the parties that objections must be filed within ten days. *Id.* This requirement of notice was imposed retroactively to cover cases decided under the old *Lewis* rule.

 Sitting as a Unit B panel of the former Fifth Circuit we are of course bound by the *Nettles* decision. Under it we find that petitioner was not informed that he must file objections to the magistrate's report or suffer a limitation of the scope of appellate review or the right to appeal. Therefore the appeal may be heard and we exercise a full scope of review.

## II.

Petitioner's first argument is that he was denied fundamental fairness because the prosecution failed to inform him before trial of one of its two witnesses, McArthur Lee Davis. Davis was originally charged as a codefendant, and it is his testimony that was the most damaging.

 The prosecution's failure to comply with state rules requiring the disclosure of witnesses does not warrant habeas corpus relief in every case. *See Dillen v. Wainwright*, 449 F.2d 331 (5th Cir. 1971). The omission must result in the defendant's attorney being "manifestly surprised" before it gives rise to a constitutional defect in the proceedings. *See Smith v. Estelle*, 602 F.2d 694 (5th Cir. 1979). Here, the district court found there was no such surprise. Thomas Hanlon, Hardin's attorney at the trial, testified at the evidentiary hearing that he knew Davis was under protective custody and suspected that the reason was that Davis might testify. Hanlon considered Davis's testifying a "distinct possibility" and therefore was not surprised when Davis was called to the stand. We affirm the district court's conclusion that the failure to disclose Davis as a witness did not violate due process.

## III.

 Petitioner was not denied due process by the trial court's failure to order a new trial after Davis made an inadmissible statement concerning an unrelated crime allegedly committed by Hardin. While testifying as to Hardin's role in the robbery,

---

**2.** "Within ten days ... any party may serve and file written objection to [the magistrate's] proposed findings and recommendations...."

**3.** The district court decided that "the nature of the issues involved [made] it necessary to review a transcript of [the] hearing in order to decide whether the Magistrate's report should be accepted or rejected." *See Louis v. Blackburn*, 630 F.2d 1105, 1109 n.3, 1110 (5th Cir. 1980) (dictum) (requiring review of transcript because case involved credibility questions critically affecting constitutional rights).

Davis mentioned that they drove to the scene in Hardin's stolen car. The prosecution did not elicit the remark. Hardin's attorney immediately objected and the trial judge struck this portion of Davis's testimony and admonished the jury not to consider it. No further reference was made to the stolen car or to Davis's remark.

■ In these circumstances the trial court's curative actions were sufficient to preserve a fair trial. Refusal to grant a new trial denies due process only where there is a significant possibility that the prejudicial statement had a substantial impact on the jury's verdict. *U. S. v. Klein*, 546 F.2d 1259, 1263 (5th Cir. 1977). In the light of the unequivocal testimony by Davis that he was Hardin's accomplice in the robbery, and the corroborative testimony from the victim, the district court was warranted in finding that Davis's remark did not substantially affect the verdict.

### IV.

Hardin's final argument is that he did not have effective assistance of counsel, rendering his conviction in violation of the Sixth and Fourteenth Amendments. Hardin testified at the evidentiary hearing that he informed Hanlon, his retained counsel, of two possible witnesses, Sandy Mills and Lisa Parker, who could give favorable testimony, and of Bryant Pridgen who could testify to Hardin's being at a Jacksonville, Florida bar during the time the crime was committed and who could obtain corroborating witnesses to this alibi. Hardin contends that Hanlon made no efforts to contact these witnesses. Hardin also points out that Hanlon did not object at trial when Davis was put on the stand without notice. Hanlon testified at the hearing to having no recollection whether these names were given to him other than that the name Sandy Mills "rang a bell." At one point in his testimony Hanlon said that he was informed of a bar in Jacksonville where alibi witnesses might be found but that he told Hardin that he would not travel to Jacksonville on this sparse information. Later in his testimony, however, Hanlon said that he

had no independent recollection of a Jacksonville bar ever having been mentioned. Hanlon did remember contacting a female friend of Hardin's but did not remember her name or where he learned of her. Hanlon's file on the case contained no names and addresses of potential defense witnesses, but Hanlon made a practice of putting as little information as possible in his files to avoid a chance of disclosure. The district court chose not to resolve the controversy over whether Hardin informed his attorney of possible witnesses and whether Hanlon failed to make efforts to contact them. Instead, the district court ruled that even if Hardin were to establish these facts the entire trial was not rendered fundamentally unfair considering Hanlon's overall conduct, nor were any alleged deficiencies in Hanlon's performance sufficient to put the state on notice of any ineffectiveness.

■ We must remand for further consideration of this issue because the standard for effectiveness of retained counsel applied by the district court, while correct at the time, *see Fitzgerald v. Estelle*, 505 F.2d 1334, 1335–36 (5th Cir.) (en banc), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975), has since been modified following the Supreme Court's decision in *Cuyler v. Sullivan*, 446 U.S. 335, 343–44, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980). Prior to *Cuyler* this circuit applied different standards of effectiveness to retained versus appointed counsel. *Cuyler* holds that there must be a uniform standard. 446 U.S. at 343–44, 100 S.Ct. at 1715. Since *Cuyler* the Fifth Circuit has adopted the standard that had been applied to appointed counsel and has rejected the standard formerly applied to retained counsel and used here by the district court. *Baty v. Balkcom*, 661 F.2d 391, 394 n.6 (5th Cir. 1981); *Washington v. Watkins*, 655 F.2d 1346, 1355 n.13 (5th Cir. 1981). The proper standard is thus whether counsel is likely to render and in fact renders reasonably effective assistance, *Kemp v. Leggett*, 635 F.2d 453, 454 (5th Cir. 1981), which is a more stringent standard than whether the trial was rendered fundamentally unfair or whether the

state was put on notice of counsel's ineffectiveness.

Because petitioner's effectiveness of counsel claim potentially depends on unresolved factual issues, we remand to the district court for its initial consideration under the revised standard. We also note that the district court gave no consideration to Hanlon's not objecting when Davis was put on the stand.

AFFIRMED in part, VACATED in part, and REMANDED for further proceedings not inconsistent with this opinion.