United States Court of Appeals,

Fifth Circuit.

No. 95-50007.

Paul W. DOUGLASS, Plaintiff-Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellee.

Oct. 2, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH, BARKSDALE and BENAVIDES, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge.

A critical issue in this appeal by Paul W. Douglass from a summary judgment is our standard of review, in that Douglass did not file objections to the magistrate judge's report and recommendation, which the district court adopted. Regretfully, our court's precedent requires us to review *de novo,* even though, in essence, the issues are being raised on appeal for the first time.

Douglass, *pro se,* challenges the summary judgment dismissing his age discrimination claims against his former employer, United Services Automobile Association (USAA). We **AFFIRM.**

I.

Born in 1927, Douglass began employment with USAA in February 1980 as a programmer, and was placed on probation in December 1991. Shortly thereafter, in February 1992, he was removed from his position and placed in a holding unit, where USAA employees who had been removed from positions for which they were unqualified were given an opportunity to try to find another position within the

company.  While in the holding unit, Douglass was offered a position as an automated data processing technician, which he accepted that March.  As a result of the change in positions, Douglass suffered a 10.7% decrease in pay.

In July 1993, Douglass filed this action against USAA, claiming that it discriminated against him on the basis of age when it removed him from his programmer position and forced him to accept another position with reduced salary and benefits.[1] Douglass alleged that, in 1990, he began receiving poor work evaluations and was excluded from beneficial work assignments because of his age.

USAA moved for summary judgment, asserting that Douglass was removed from his position because of poor work performance, not age.  USAA supported the motion with affidavits from Douglass' supervisors and personnel records documenting the deficiencies in his performance and the reasons for his removal from the programmer position.  Douglass' unsworn response, to which was attached a copy of an affidavit that he had submitted to the Equal Employment Opportunity Commission, asserted that records necessary to prove his claim were not available to him, and that he lacked the financial resources with which to purchase copies of depositions that would assist the court in its determination.  USAA filed a reply, attaching deposition excerpts and more affidavits in support

---

[1]Douglass' brief states incorrectly that he asserted a claim under the Consolidated Omnibus Budget Reconciliation Act (COBRA). His complaint, however, alleged only violations of the ADEA.  In any event, he does not press a COBRA issue.

of its assertion that Douglass was removed from his position because of his performance, not age.

In a September 21, 1994, order and advisory, the magistrate judge stated that Douglass' response was deficient, but that he should be given another opportunity to furnish summary judgment evidence. The order explained, in great detail, summary judgment procedure and Douglass' burden in responding to USAA's motion. Douglass was given until October 14 to respond. In addition, because of Douglass' *pro se* status and indigence, the magistrate judge ordered USAA to produce copies of all depositions to the court for *in camera* inspection for the purpose of determining if there was any summary judgment evidence to support Douglass' claim.[2] On September 27, Douglass moved for a continuance, stating that he had moved to another state, and wanted to retain an attorney.[3] Douglass did not respond further to the summary judgment motion.

On October 27, the magistrate judge recommended that summary judgment be granted USAA. The magistrate judge noted that Douglass had offered only conjecture, conclusions and opinions unsupported by fact-specific summary judgment evidence, and had, therefore, failed to raise a material fact issue in response to USAA's

---

[2]The order provided that copies of the depositions would be returned to USAA after the magistrate judge's inspection, so copies of the complete depositions are not in the record. As noted, USAA submitted excerpts of the depositions with its reply to Douglass' response to the summary judgment motion.

[3]The record contains no ruling on Douglass' continuance request.

evidence that he was removed from his programmer position because of poor performance, not age.

Although the magistrate judge's report warned Douglass that his failure to object to the recommendation within 10 days would bar a *de novo* determination by the district court, and would bar appellate review of the factual findings adopted by the district court, except upon grounds of plain error or manifest injustice, Douglass did not object. The district court, stating that it need not conduct a *de novo* review of the magistrate judge's memorandum and recommendation because no party had objected, adopted the recommendation and entered judgment for USAA.

## II.

Douglass contends that the district court erred by granting summary judgment for USAA, because he can prove that his age was one of the reasons for his demotion.[4] The parties disagree, however, as to our standard of review. Douglass maintains that, as usual, the summary judgment should be reviewed *de novo*. USAA counters that, because Douglass failed to object to the magistrate judge's recommendation, he is precluded from challenging any factual findings of the magistrate judge that were accepted or

---

[4]The statement of facts and argument sections of Douglass' brief contain no citations to the record, contrary to FED.R.APP.P. 28(a)(4), (6). Although we liberally construe briefs filed by *pro se* litigants, we still require them to comply with the Federal Rules of Appellate Procedure. *See, e.g., Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993). Douglass is cautioned that disregard for the rules of appellate procedure may result in dismissal. *See* 5th Cir.Loc.R. 42.2; *Moore v. FDIC,* 993 F.2d 106, 107 (5th Cir.1993) (dismissing appeal for failure to comply with appellate rules).

adopted by the district court, absent plain error.  We turn first to the standard of review question.

## A.

Before determining the standard of review for a summary judgment when the requisite objections to a magistrate judge's report and recommendation are not filed, we look first to the appellate waiver rule in general, as fashioned by our court.  As hereinafter discussed, there is a six-five split between the circuits as to the consequences for a failure to so object;  our court resides in the more lenient (minority) camp.

## 1.

Federal Rule of Civil Procedure 72 provides that "a party may serve and file specific, written objections to the proposed findings and recommendations" of a magistrate judge within 10 days after being served with a copy of the recommendation, and thereby secure *de novo* review by the district court;  but, it is silent with respect to the consequences of a party's failure to object. The advisory committee's note to Rule 72(b) states that, "[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation".  FED.R.CIV.P. 72(b) advisory committee's note (1983).  With respect to the consequences for appellate review, the advisory committee states that "[f]ailure to make timely objection to the magistrate's report prior to its adoption by the district judge may constitute a waiver of appellate review of the district judge's order".  *Id.* (citing *United States*

5

*v. Walters,* 638 F.2d 947 (6th Cir.1981)).

The Supreme Court has held that the courts of appeals may, in the exercise of their supervisory rule-making power, deny appellate review for failure to object to a magistrate judge's recommendation (appellate waiver rule). *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985). *Thomas* condones the denial of appellate review not only of factual findings, *but also* of legal conclusions. *Id.* at 150, 106 S.Ct. at 472. The Court observed that the Sixth Circuit's decision to require the filing of objections to preserve the right to appellate review both of factual findings and of legal conclusions is supported by "sound considerations of judicial economy". *Id.* at 148, 106 S.Ct. at 472.

> Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, the same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here.

*Id.* (internal quotation marks, brackets, and citation omitted). As noted, the advisory committee's note to FED.R.CIV.P. 72(b) cites with approval another Sixth Circuit case, *Walters,* which, in applying the appellate waiver rule, did not distinguish between factual findings and legal conclusions.

The Fourth Circuit, which also applies the appellate waiver rule both to factual findings and to legal conclusions, observed that the purpose of the Federal Magistrates Act would be defeated

if litigants could ignore their right to file objections with the district court without imperiling their right to raise those objections in the court of appeals.

> Litigants would have no incentive to make objections at the trial level; in fact they might even be encouraged to bypass the district court entirely, even though Congress has lodged the primary responsibility for supervision of federal magistrates' functions with that judicial body. Equally as troubling, ... [the absence of such a rule] would impose a serious incongruity on the district court's decision making process—vesting it with the duty to decide issues based on the magistrate's findings but depriving it of the opportunity to correct those findings when the litigant has identified a possible error.

*United States v. Schronce,* 727 F.2d 91, 93-94 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).[5]

As hereinafter discussed, our court, however, has limited the appellate waiver rule to factual findings. (This is reflected in the above described warning given Douglass by the magistrate judge should Douglass fail to timely file objections to the report and recommendation.) Our court first considered waiver in this context in *United States v. Lewis,* 621 F.2d 1382, 1386 (5th Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981). On defendants' motion to suppress evidence allegedly seized as the result of an illegal search, the magistrate judge recommended that the district court deny the motion. One defendant failed to object to the recommendation, which the district court adopted. Our court

---

[5]In addition to the Fourth and Sixth Circuits, four other circuits apply the appellate waiver rule not only to findings of fact, but also to conclusions of law. *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986); *Niehaus v. Kansas Bar Ass'n,* 793 F.2d 1159, 1164-65 (10th Cir.1986); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

7

dismissed that defendant's appeal, holding that "[h]is failure to object is a waiver of his right to appeal the recommendations contained in the report".  *Id.* at 1386.

In *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (en banc), involving a habeas petition, our court approved the waiver rule of *Lewis,* stating that it refused to "sit idly by and observe the "sandbagging' of district judges when an appellant fails to object to a magistrate's report in the district court and then undertakes to raise his objections for the first time" on appeal.[6]  *Id.* at 410.  Nevertheless, our court modified *Lewis* in two respects.  First, by requiring the magistrate judge's recommendation to contain language that notifies the parties of the consequences for failing to submit written objections to the district court.  *Id.*  And second, by holding that a failure to object to the recommendation bars a party only from "attacking on appeal *factual findings* accepted or adopted by the district court except upon grounds of plain error or manifest injustice".  *Id.* (emphasis added).

We explained in *Hardin v. Wainwright,* 678 F.2d 589 (5th Cir.1982), that *Nettles* reworked the waiver rule announced in *Lewis:*  "The failure to object no longer waives the right to appeal

---

[6]*Nettles* was decided in 1982 by Unit B of the former Fifth Circuit, which became the Eleventh Circuit as of October 1, 1981. We nevertheless consider all Unit B cases, even those decided after that date, to be binding precedent. *E.g., United States v. Rojas-Martinez,* 968 F.2d 415, 420 n. 11 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992), and *cert. denied,* --- U.S. ----, 113 S.Ct. 995, 122 L.Ed.2d 146 (1993).

but simply limits the scope of appellate review of factual findings to plain error review; no limitation of the review of legal conclusions results". *Hardin,* 678 F.2d at 591. Accordingly, as stated, our court has limited the appellate waiver rule to factual findings. *See, e.g., United States v. Carrillo-Morales,* 27 F.3d 1054, 1061-62 (5th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1163, 130 L.Ed.2d 1119 (1995). As stated in *Carrillo-Morales,* "[c]ases following *Nettles* apply the rule only to a magistrate judge's findings of fact and not to his conclusions of law". 27 F.3d at 1062.[7]

As stated, *Nettles* offered no explanation for limiting the applicability of the appellate waiver rule announced in *Lewis* to factual findings. And, we can perceive no valid reason for distinguishing between factual findings and legal conclusions when parties fail to object to a magistrate judge's recommendation. In both instances, the point that should have been stated in an objection is later made for the first time on appeal. There is no basis for excepting unobjected-to legal conclusions by a magistrate judge from our longstanding practice of refusing to consider issues raised for the first time on appeal, absent plain error.

The efficacy of the appellate waiver rule applying to legal issues, as well as to factual findings, is even more so for a

_____

[7]In addition to the Fifth and Eleventh Circuits, three other circuits do not apply the appellate waiver rule to legal conclusions. *See Martinez v. Ylst,* 951 F.2d 1153, 1156 & n. 4 (9th Cir.1991); *Henderson v. Carlson,* 812 F.2d 874, 878-79 (3d Cir.), *cert. denied,* 484 U.S. 837, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987); *Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1207 (8th Cir.1983).

summary judgment, such as the one before us. (Indeed, as discussed *infra* in part II.A.2., a summary judgment involves only legal issues, *not* findings of fact.) The salutary purposes underlying summary judgment, and the procedures used in considering it, *see* FED.R.CIV.P. 56, are thwarted, if not destroyed, by the restricted appellate waiver rule utilized by our court. Moreover, in the larger scheme of things, this flies in the face of FED.R.CIV.P. 1 ("to secure the just, speedy, and inexpensive determination of every action"), as well as growing judicial recognition of the many benefits of summary judgment. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole"); *see also Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075-76 (5th Cir.1994) (en banc). But, unless our en banc court chooses to revisit the issue and overrule *Nettles,* we are bound by it. We urge our court to do so.

2.

Against the backdrop of the lenient appellate waiver rule in our circuit, we must narrow our focus to how it is applied to the case at hand—a summary judgment. Such a judgment requires not only determining whether there are material fact issues, but also, if there are none, whether the prevailing party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). Both considerations are legal issues; neither is a finding of fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505,

10

91 L.Ed.2d 202 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted". *Id.* at 248, 106 S.Ct. at 2510. A court having decided which facts are material, the next "inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party". *Id.* at 250, 106 S.Ct. at 2511. It is well to remember that summary judgment is simply another form of *judgment as a matter of law,* as reflected in the 1991 amendments to FED.R.CIV.P. 50. As the advisory committee's note to Rule 50 explains,

> [t]he expressed standard makes clear that action taken under the rule is a performance of the court's duty to assure enforcement of the controlling law and is not an intrusion on any responsibility for factual determinations conferred on the jury by the Seventh Amendment or any other provision of federal law. Because this standard is also used as a reference point for entry of summary judgment under 56(a), it serves to link the two related provisions.

FED.R.CIV.P. 50(a), advisory committee's note (1991).

For this reason, as is more than well-known, a summary judgment is reviewed *de novo,* applying the same standards as the district court. *E.g., Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). As a result, our circuit's lenient appellate waiver rule does not (cannot) narrow our review of a summary judgment; our

rule only limits review of factual findings, and a summary judgment is, as discussed, based instead on legal conclusions.[8]  Therefore, we must consider now the points Douglass should have made as objections to the magistrate judge's recommendation, even though these points are being raised for the first time on appeal.

B.

---

[8]*Tolbert v. United States,* 916 F.2d 245 (5th Cir.1990), is not inconsistent.  In that case, Tolbert asserted, *inter alia,* Title VII claims growing out of alleged harassment in 1981, and the denial of re-employment in 1986.  But, she had filed an EEOC charge only with respect to the 1986 claim.  The magistrate judge recommended summary judgment for the defendants on the 1981 claim, but recommended that the 1986 claim be allowed to go forward.  The defendants objected to the latter recommendation, but Tolbert objected to neither.  The district court adopted the magistrate judge's recommendation as to the 1981 claim, but denied it as to the 1986 claim.  Tolbert appealed the grant of summary judgment as to both claims.

Our court reviewed the summary judgment on the 1981 claim only for plain error, stating that, because Tolbert did not object to the magistrate judge's recommendation that the claim be dismissed, she could not attack it on appeal. *Id.* at 247.  Although the opinion does not state the basis for the summary judgment, the defendants' motion was based on the assertion that Tolbert had neither exhausted administrative remedies nor complied with the filing deadlines for Title VII claims.  A summary judgment on either of those grounds could, of course, have been based on undisputed facts.  In any event, our court's refusal to review except for plain error suggests that Tolbert was attempting to challenge the underlying facts for the first time on appeal.

Whatever the basis for our court applying only plain error review, one thing is absolutely certain.  As discussed above, and pursuant to *Nettles,* the lenient appellate waiver rule in our circuit limits review only of findings of fact, not of legal issues.  Moreover, it is well-established in our circuit that one panel cannot overrule the decision of a prior panel in the absence of en banc reconsideration or a superseding decision of the Supreme Court.  *E.g., Batts v. Tow-Motor Forklift Co.,* 978 F.2d 1386, 1393 & n. 15 (5th Cir.1992).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED.R.CIV.P. 56(c). If the movant satisfies its initial burden of demonstrating the absence of a material fact issue, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial". *Forsyth,* 19 F.3d at 1533 (citations omitted).

As noted earlier, there is no material fact issue unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In short, conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden. *Forsyth,* 19 F.3d at 1533.

Based on our review of the summary judgment record, USAA more than satisfied its initial summary judgment burden of pointing out the absence of material fact issues regarding the reason for Douglass' removal from his programmer position. USAA produced affidavits and personnel records documenting Douglass' poor work performance and his need for improvement.

In response, Douglass offered nothing to rebut the poor work performance evidence, and offered only his personal perceptions and speculation that USAA's decision to remove him from the programmer

13

position was based on his age. It is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate non-discriminatory reason. *See, e.g., Ray v. Tandem Computers, Inc.,* --- F.3d ----, ----, 1995 WL 502780, Slip Op. 5634, 5640 (5th Cir. Sept. 11, 1995) ("bald assertions of age discrimination are inadequate to permit a finding that proscribed discrimination motivated [defendant's] actions against [plaintiff]"); *Grizzle v. Travelers Health Network, Inc.,* 14 F.3d 261, 268 (5th Cir.1994) (employee's "self-serving generalized testimony stating her subjective belief that discrimination occurred ... is simply insufficient to support a jury verdict in plaintiff's favor"); *Little v. Republic Refining Co., Ltd.,* 924 F.2d 93, 96 (5th Cir.1991) ("[a]n age discrimination plaintiff's own good faith belief that his age motivated his employer's action is of little value"); *Hornsby v. Conoco, Inc.,* 777 F.2d 243, 246 (5th Cir.1985) ("[w]e cannot allow subjective belief to be the basis for judicial relief when an adequate nondiscriminatory reason for the discharge has been presented"); *Elliott v. Group Medical & Surgical Serv.,* 714 F.2d 556, 566 (5th Cir.1983) ("generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for his discharge"), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984).

14

III.

For the foregoing reasons, the summary judgment is

**AFFIRMED**.

BENAVIDES, Circuit Judge, concurring:

Because I believe the court's opinion correctly determines *de novo* that the appellant did not offer any competent evidence to rebut the appellee's proof of an adequate nondiscriminatory basis for removing appellant from his former position as a programmer, I join part IIB of the court's opinion and the judgment affirming the district court decision in this case. And while a review of our important decision in *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (en banc) may indeed be in order, I am not prepared to urge at this time either the retention or abandonment of the *de novo* review required by *Nettles* in the instant case to the en banc court. I would also point out that under either the *de novo* standard or the plain error standard the outcome of appellant's *pro se* appeal would remain the same.