Frank Lee **SANDERS, Plaintiff,**

v.

**FORT BEND COUNTY, TEXAS,**
et al., **Defendants.**

Civil Action No. H–94–1211.

United States District Court,
S.D. Texas,
Houston Division.

March 26, 1996.

anything other than negligent; (4) Plaintiff has failed to establish the existence of policy or custom on behalf of the County that resulted in his alleged constitutional deprivation of rights; and (5) Plaintiff's cause of action, based on a state claim for malicious prosecution, is barred by a one-year statute of limitations period.

Peter R. Brannan, Houston, TX, for Frank Lee Sanders.

William Scott Helfand, Hirsch Robinson Sheiness & Glover, Houston, TX, for Fort Bend County Texas, Fort Bend County District Attorney, Frank Briscoe, and Perry R. Hillgeist, Jr.

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT

ATLAS, District Judge.

Defendants[1] have moved for summary judgment on several grounds. Defendants' Motion for Summary Judgment [Doc. # 24] (hereinafter "Defendants' Motion"). Plaintiff opposes that motion. Plaintiff's Response to Defendant's [sic] Motion for Summary Judgment [Doc. # 32] (hereinafter "Plaintiff's Response").[2]

Defendants seek summary judgment on the grounds that (1) Plaintiff's claim of violation of 42 U.S.C. § 1983, which is based on allegations of malicious prosecution and violations of the Fourth Amendment of the United States Constitution, is deficient as a matter of law; (2) even if the claim of malicious prosecution may serve as the basis for a Section 1983 violation, Plaintiff has failed to plead or prove the elements necessary to maintain such an action, since Plaintiff has failed to establish (a) a lack of probable cause for his arrest and detention, or (b) the existence of malice by the county officials; (3) Plaintiff's Section 1983 claim fails because Plaintiff has not shown that the actions on behalf of Fort Bend County officials were

### SUMMARY JUDGMENT STANDARD

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Bozé v. Branstetter*, 912 F.2d 801, 804 (5th Cir.1990). The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. *Bozé*, 912 F.2d at 804 (citing *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986)). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir.1995).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. For any matter on which the non-movant carries the burden of proof at trial, however, the movant may, by merely pointing to the absence of evidence supporting the essential elements of the non-movant's case, shift to the non-mov-

---

1. Fort Bend County, Texas; Fort Bend County District Attorney; Frank Briscoe ("Briscoe") and Perry R. Hillgeist, Jr., in their official capacities as Sheriff and District Attorney of Fort Bend County, Texas.

2. Defendants' Motion was filed December 15, 1995. Plaintiff's Response was not filed until March 5, 1996. Nevertheless, the Court will consider that Response in its ruling.

ant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact so as to warrant a trial. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir.1995); *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 459 (5th Cir.), *reh'g en banc granted*, 70 F.3d 335 (5th Cir.1995); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Douglass*, 65 F.3d at 459; *Little*, 37 F.3d at 1075. In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands*, 66 F.3d at 92; *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552).

## DISCUSSION

Defendants argue first that a malicious prosecution claim cannot support a Section 1983 violation under the Supreme Court's holding in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). *Albright* involved a Section 1983 claim brought for malicious prosecution where the plaintiff asserted that he had a right to be free from criminal prosecution, except upon probable cause and arrest. Plaintiff claims his arrest was in violation of the Fourteenth Amendment to the United States Constitution. The *Albright* Court held that an arrest without probable cause did not constitute a violation of an arrestee's substantive due process rights sufficient to

support a Section 1983 civil rights action and the constitutional right violated, if any, was the Fourth Amendment freedom from seizure. Recently, however, the Fifth Circuit clarified this ruling when it held that a malicious prosecution claim based on an alleged violation of the Fourth Amendment was a viable cause of action. *Eugene v. Alief I.S.D.*, 65 F.3d 1299, 1303–04 (5th Cir.1995). Therefore, Defendants' argument to the contrary is rejected.

Defendants next argue that if a claim of malicious prosecution may in fact serve as a legitimate basis for a Section 1983 suit, Plaintiff nevertheless has failed to state a claim on which relief can be granted because a cause of action for a Section 1983 violation based on malicious prosecution requires proof of each of the elements of that state law claim:

(1) a criminal action was commenced against Plaintiff;

(2) the prosecution was caused by the Defendant or with his aid;

(3) the action terminated in Plaintiff's favor;

(4) the Plaintiff was innocent;

(5) the Defendant acted without probable cause;

(6) the Defendant acted with malice; and

(7) the criminal proceedings damaged the Plaintiff.

*Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994).

Defendants argue that Plaintiff has failed to establish that his arrest and detention occurred without the requisite probable cause. Plaintiff's argument throughout pendency of this case has been that the warrant became "stale" and was "unreliable." *See* Plaintiff's Original Complaint (Exhibit A to Defendants' Motion), at 3.[3] Plaintiff admits that he agreed to be extradited to Fort Bend County after he was arrested in Florida. *See* Plaintiff's Deposition (Exhibit B to Defendants' Motion) (hereinafter "Plaintiff's Depo."), at 19. In addition, Plaintiff has

---

3. Plaintiff argues only belatedly and very superficially that the warrant was invalid because there was no probable cause. Plaintiff asserts this argument for the first time in his unilaterally filed proposed Pretrial Order, filed after Defendants' Motion pointed out the defect in his pleadings. *See* Plaintiff's Pretrial Order [Doc. # 31], at 6.

admitted that his detention in the Fort Bend County Jail was partially a result of a "hold" placed on him by the authorities in Hattiesburg, Mississippi, where another outstanding warrant for Plaintiff's arrest existed. *See id.,* at 28, 38.

Plaintiff's complaint is that, after April 27, 1992, when "District Attorney Briscoe agreed that the cause should be dismissed," he should have been promptly released from custody. *See* Plaintiff's Response, at 2. He argues that the County (and, apparently, the District Attorney's Office), and the Sheriff and the District Attorney in their official capacities, should be held liable under Section 1983 as a result of this "malicious prosecution." *See* Plaintiff's Response, at 3–4 (citing *Sanders v. English,* 950 F.2d 1152, 1163 (5th Cir.1992)).

■ Plaintiff has submitted absolutely no evidence in support of his contentions in response to the Defendants' Motion. Plaintiff has the burden of proving his claims and each element of them, once Defendants have properly raised the issue in a motion for summary judgment. *Little,* 37 F.3d at 1075 (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552).

Defendants have properly raised the issue of probable cause on this motion for summary judgment and Plaintiff has failed to meet his burden in response. There is absolutely no evidence before the Court in support of Plaintiff's contention that there was an absence of probable cause to arrest and detain him, not only through April 27, 1992, which he apparently does not seriously challenge, but also beyond that date. Therefore, as a matter of law Defendants are entitled to summary judgment on this ground. In addition, however, the Court will address several of Defendants' other points.

■ As to the claims against the County itself and the office of the District Attorney, it is unclear from Plaintiff's submissions what these Defendants [4] should have done in light of the agreement in April 1992 by the District Attorney that the charges against Plain-

tiff should be dismissed. While Plaintiff's continued incarceration was unfortunate, Plaintiff has not demonstrated by evidence that would be admissible at trial specific wrongful *conduct* by the County or the District Attorney's Office.

■ Defendants argue that, if anything, the conduct in issue was negligent and that there is no evidence of malice or even intentional acts. Plaintiff does not respond to this argument. Plaintiff has failed to introduce evidence in support of his opposition to the Defendants' Motion generally. There is nothing in the record as to the circumstances of the alleged agreement by Defendant Frank Briscoe on behalf of the County or the District Attorney's Office. The Court cannot determine whether it was a final or conditional agreement, whether it was formally stated on the record at the "jurisdictional" hearing at which Plaintiff claims this agreement was expressed, or whether Plaintiff's criminal defense attorney failed to perform some act that was a condition of the agreement to dismiss. Nor is there anything in the record as to the outcome of the Mississippi charges pending against Plaintiff that apparently also were a basis for his arrest and transfer from Florida to Texas.

■ Irrespective of the unanswered factual assertions by Defendants, the District Attorney's conduct about which Plaintiff complains, if anything, appears to have been negligent or an oversight, due at least in part to a change of the individual serving as District Attorney. Negligent conduct will not support a Section 1983 claim. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). The Court concludes therefore that summary judgment is appropriate on this ground.

■ Plaintiff also sues Frank Briscoe and Perry Hillgeist, Jr., but only in their official capacities as former District Attorney and Sheriff, respectively, of Fort Bend County. These claims amount to claims against the County itself. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301

---

4. The real party in interest would appear to be the County, since a District Attorney is a county officer and a claim against such an official is in

fact against the county itself. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991).

(1991). The Defendants argue that a governmental entity such as Fort Bend County cannot be held vicariously liable for the acts of its employees, even if they are violative of individual civil rights under Section 1983. Defendants' Memorandum of Law in Support of Motion for Summary Judgment [Doc. # 25], at 6 (citing *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978)). The Court agrees. Plaintiff must allege, and in response to a summary judgment motion must proffer evidence demonstrating, that the constitutional deprivation was the result of some policy, practice or custom established on behalf of the municipality. *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037–38; *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir.1995); *Burns v. City of Galveston,* 905 F.2d 100 (5th Cir.1990). Although the Fifth Circuit's heightened pleading standard has been abolished in official capacity claims, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), plaintiffs asserting Section 1983 claims must still assert more than conclusory statements and bald allegations. General allegations without any specific facts are insufficient. *Richardson v. Oldham,* 12 F.3d 1373, 1382 (5th Cir.1994) (in Section 1983 case asserting official capacity claim the court found that conclusory assertions were insufficient to meet plaintiff's summary judgment burden).

Plaintiff does not respond to this contention at all. A review of the Complaint and matters of record demonstrate that Plaintiff has again failed to meet his burden of proof on this issue. Summary judgment therefore is appropriate on this ground as well.

The Court need not reach the issue of the statute of limitations and declines to do so. Therefore, **Defendants' Motion for Summary Judgment** is **GRANTED,** and Plaintiff's claims are dismissed as against all Defendants.