MEMORANDUM AND ORDER

ATLAS, District Judge.
This is a personal injury action brought by Plaintiffs Bobby and Della Mae Blanchard (“Plaintiffs”). Defendant Praxair, Inc. (“Defendant” or “Praxair”) has filed a Motion for Summary Judgment [Doc. # 24] (“Motion”).[1] The Court has considered the Motion, the responses and replies, all other matters of record in this case, and the relevant authorities. For the reasons stated below, the Motion is now DENIED.
I. FACTUAL BACKGROUND
At approximately 11:30 a.m. on January 10, 1993, Plaintiff Bobby Blanchard fell and was injured at Defendant Praxair’s helium gas factory near Ulysses, Kansas. Mr. Blanchard, a truck driver employed by Jack *633 B. Kelley, Inc., was at the site to deliver an empty trailer, and then pick up a loaded trailer for delivery to Amarillo, Texas.
There was no precipitation on the morning that Mr. Blanchard was at Praxair’s plant. However, it had snowed on January 8, 1993. Deposition of Bobby J. Blanchard (Exhibit A to Response) (“Blanchard Deposition”), at 10. When Mr. Blanchard arrived, he parked the empty trailer in the location specified by a plant employee, and then drove the truck cab to the area where loaded trailers were parked. Id. at 9, 14; see also Photograph of Praxair Plant Site (Exhibit A to Motion). However, in attempting to hook a tractor to the loaded trailer, he found that the trailer could not be moved because it was frozen to the ground, with its tires and brakes frozen solid. Blanchard Deposition, at 18-19.
Mr. Blanchard walked to the plant’s control office to request assistance with the frozen trailer. He claims that he had to walk through the “driveway area,” which was icy and covered by tracks and ruts made by other trailers, in order to reach this a sidewalk in front of the control office, which had been cleared. Id., at 19-23. Robert Searle, Praxair’s production superintendent, compared the driveway area to a “skating rink,” and stated that the spot where Mr. Blanchard fell was a low spot where water accumulated. Deposition of Robert Searle (Exhibit F to Response) (“Searle Deposition”), at 31. Searle testified that Praxair knew that the area was icy, but that “we’d have to bring a mountain of salt out here to get rid of it.” Id., at 29.
While walking in the driveway area, Mr. Blanchard slipped on the ice and fell. See Photograph P0014 (Exhibit E to Response) (approximate place that Mr. Blanchard fell); Deposition of Dan Gilbert (Exhibit C to Response) (“Gilbert Deposition”), at 12 (discussing place of fall). Mr. Blanchard injured his lower spine, resulting in prolapsed or bulging discs; his coccyx, which was inverted and fragmented; and the sciatic nerve extending into his left leg. He continues to have pain, as well as physical disabilities and limitations. Blanchard Deposition, at 65-78.
II. SUMMARY JUDGMENT STANDARD
In deciding a motion for summary judgment, the Court must determine whether “the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); Bozé v. Branstetter, 912 F.2d 801, 804 (5th Cir.1990). The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. Bozé, 912 F.2d at 804 (citing Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir.1986)). However, factual controversies are resolved in favor of the nonmovant “only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.” McCallum Highlands, Ltd. v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir.), revised on other grounds upon denial of reh’g, 70 F.3d 26 (5th Cir.1995).
The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. For any matter on which the nonmovant carries the burden of proof at trial, however, the movant may, by merely pointing to the absence of evidence supporting the essential elements of the nonmovant’s case, shift to the nonmovant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact so as to warrant a trial. Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 718-19 (5th Cir.1995); Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).
The nonmovant’s burden may not be satisfied by eonclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Douglass v. United Services Auto. Ass’n, 65 F.3d 452, 459 (5th Cir.1995), revised on other grounds, 79 F.3d 1415 (5th Cir.1996) (en banc); Little, 37 *634 F.3d at 1075. In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. McCallum Highlands, 66 F.3d at 92; Little, 37 F.3d at 1075 (citing Lujan v. Nat’l Wildlife Fed’n, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188-89, 111 L.Ed.2d 695 (1990)). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party’s case, and on which the party will bear the burden at trial. Little, 37 F.3d at 1075 (citing Celotex, 477 U.S. at 322, 106 S.Ct. at 2552).
III. DISCUSSION

A. Choice of Law

As a threshold matter, the Court must determine whether to apply the premises liability law of Kansas or Texas. The parties have not raised this issue, and, indeed, have cited premises liability law from both Texas and Kansas. The law of the two states appears to be very similar.
When confronted with issues of substantive law, federal courts apply the laws of the forum state. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In determining which state’s substantive law controls, the courts apply the choice-of-law principles of the forum state. Thomas v. N.A. Chase Manhattan Bank, 994 F.2d 236, 241 (5th Cir.1993) (citing Trizec Properties, Inc. v. United States Mineral Products Co., 974 F.2d 602, 604 (5th Cir.1992); Klaxon Company v. Stentor Electric Manufacturing Company, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941)). In Texas, the “most significant relationship” test is applied to cases sounding in tort. Id. (citing Gutierrez v. Collins, 583 S.W.2d 312 (Tex.1979)). Further, when applying the “most significant relationship” test, the court looks not to the number of contacts in each state, “but more importantly on the qualitative nature of those contacts.” Gutierrez, 583 S.W.2d at 319.
Plaintiffs are citizens of Texas and Mr. Blanchard is employed in Texas. Defendant Praxair is a Delaware corporation with its principal place of business in Danbury, Connecticut.[2] Kansas has no relation to this action other than the location of the accident. Furthermore, Texas has a legitimate interest in ensuring that its citizens are adequately compensated for injuries they suffer and guaranteeing a just recovery. See Guillory v. United States, 699 F.2d 781, 786 (5th Cir.1983). The Court notes that neither party has voiced any opposition to application of Texas law to the case at bar and that, indeed, both parties have relied on Texas law in their summary judgment briefing.
Based upon Plaintiffs’ citizenship and Texas’ interest in the outcome of the case, the Court will apply Texas law of premises liability to this case.
B. Elements of Premises Liability
In order for Plaintiffs to prevail in this premises liability action, Plaintiffs must prove that:
(1) the defendant had actual or constructive knowledge of some condition on the premises;
(2) the condition posed an unreasonable risk of harm to the plaintiff;
(3) the defendant failed to exercise reasonable care to reduce or eliminate the risk; and
(4) the defendant’s failure to use such care proximately caused the plaintiffs injuries.
Keetch v. Kroger, 845 S.W.2d 262, 264 (Tex.1992) (citing Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex.1983)). Occupiers of land owe a duty of ordinary care to keep their premises safe for invitees such as Mr. Blanchard. See Washington v. Resolution Trust Corp., 68 F.3d 935, 937 (5th Cir.1995).
Defendant Praxair admits that it knew that there was ice on the lot on the morning that Mr. Blanchard fell, and therefore does not contest this element of the Keetch analysis. Motion, at 4. The Court finds that *635 several material questions of fact exist as to each of the other elements.
Unreasonable Risk of Harm. — Plaintiffs argue that the drainage of water to the driveway area caused a hazard which did not result wholly from natural causes and “could have been easily corrected.” Response, at 17. Praxair argues that the driveway area was not unreasonably risky because Mr. Blanchard was allegedly aware of the icy conditions, because he had experience walking on ice, and because he had already crossed the lot that day. In fact, the Motion argues that “[t]he fact that Mr. Blanchard safely walked across the icy area before he fell is further evidence that he appreciated the presence of the ice and any dangers associated with it, and that such condition was not ‘unreasonably’ risky.” Motion, at 9.
As Plaintiffs argue, Praxair’s arguments are not relevant to the issue of unreasonable risk. See Furr’s, Inc. v. Logan, 893 S.W.2d 187, 192 (Tex.App.—El Paso 1995, n.w.h.) (plaintiffs awareness of danger of ice on ground goes to issue of contributory negligence). The Court finds that there is a genuine issue of material fact as to whether the design of the parking lot was unreasonably dangerous, particularly in snowy weather.
Failure to Exercise Reasonable Care.— Defendant argues that it provided a clear pathway to the control room. Motion, at 9; Searle Deposition, at 60. However, it is unclear, from the photographs provided to the Court, where such a pathway was located and whether Mr. Blanchard had reasonable access to the cleared pathway at the time in question. See Photograph of Praxair Plant Site (Exhibit A to Motion). Plaintiffs assert that Mr. Blanchard had to walk across the driveway area because there was no clear pathway to the control office, Response, at 17-18, and a former Praxair employee testified that the entire area was packed with snow on the day of the accident and that no path to the control room was available. Deposition of Danny Houdyshell (Exhibit H to Response) (“Houdyshell Deposition”), at 29-30. Indeed, in the 48 hour period before the accident, Defendant did not call the snow remover with whom it contracted, even though eight inches of snow had fallen on January 8, 1993. Defendant Praxair, Inc.’s Answers and Objections to Plaintiffs’ Interrogatories (Exhibit J to Response), No. 12, at 7; January 1993 Calendar, kept by Praxair employee (Exhibit G to Response).
Furthermore, Plaintiffs have presented evidence that Defendant did not warn Mr. Blanchard about the hazardous conditions or proper footwear. Response, at 19; Gilbert Deposition, at 42-43; Houdyshell Deposition, at 35-36.
The Court finds that there is a genuine issue of material fact as to whether Defendant failed to exercise reasonable care.
Proximate Cause. — Proximate cause requires foreseeability as well as “cause in fact.” Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex.1995); Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex.1995). The parties disagree as to whether or not it was reasonably foreseeable that drivers like Mr. Blanchard would walk through the driveway area. Motion, at 11; Response, at 21-22. Although Searle testified that the area where Mr. Blanchard fell was not a “heavy traffic area,” see Searle Deposition, at 30, he also stated that any driver would have to complete paperwork before leaving the Praxair plant. Searle Deposition, at 54. Plaintiffs therefore argue that it is foreseeable that drivers would walk across the driveway area in order to complete the required paperwork in the control room before leaving with their trucks.
The Court finds that there is a fact issue as to the proximate cause of Mr. Blanchard’s injuries.
For these reasons, Defendant’s Motion for Summary Judgment is denied.
C. Contributory Negligence
Defendant raises the issue of contributory negligence as support for its motion for summary judgment, arguing that Mr. Blanchard was more than 50% responsible for his accident and therefore is barred from recovering from Defendant. Motion, at 12. Contributory negligence is an affirmative defense to Plaintiffs’ claims and therefore re *636 quires a separate analysis from that of the Keetch elements of premises liability.
Defendant cites to Mr. Blanchard’s deposition testimony that at the time of the accident he was wearing new cowboy boots that did not have treaded soles. Motion, at 12-13; Blanchard Deposition, at 31. Plaintiffs argue that Mr. Blanchard’s employer required its drivers to wear leather boots with a heel, and that his boots satisfied the requirements. Response, at 24; Deposition of Pete Davis (Exhibit I to Response), at 12. Plaintiffs also argue that Mr. Blanchard’s decision to walk across the driveway area, when he needed to go to the control room and there were no visible sidewalks or cleared paths, was reasonable.
Based on the above, the Court finds that there are genuine questions of material fact regarding Mr. Blanchard’s contributory negligence.
D. Objections to Expert Witness Testimony
Plaintiffs have filed an affidavit and expert report of Judith Keiser. See Affidavit of Judith Keiser and attachments (Exhibit A to Plaintiffs’ Supplemental Response to Defendants’ Motion for Summary Judgment [Doc. # 83]). Ms. Keiser is proffered by Plaintiffs as a premises liability expert, and discusses the hazardous conditions at the Praxair plant. Among other things, Ms. Kaiser’s report states that the driveway area where Mr. Blanchard fell violated nationally recognized construction, safety, and maintenance standards.
Praxair requests that Ms. Keiser’s affidavit testimony not be considered in ruling on the instant summary judgment motion, arguing that Ms. Keiser is not a qualified expert under Federal Rule of Evidence 702. Defendant Praxair Inc.’s Reply to Plaintiffs’ Supplemental Motion for Summary Judgment [Doc. # 35]. Plaintiffs, in turn, have submitted evidence and argument in support of her qualifications. Plaintiffs’ Response to Prax-air’s Reply to Supplemental Response to Motion for Summary Judgment [Doc. # 36].
The Court already has concluded, without consideration of Ms. Keiser’s testimony, that there are genuine issues of material fact as to Defendant’s liability. Therefore, it is not necessary for the Court to resolve the dispute as to Ms. Keiser’s qualifications as an expert. If necessary, Defendant may reurge this objection at a later stage in the litigation.
IV. CONCLUSION
For the foregoing reasons, it is ORDERED that Defendant’s Motion for Summary Judgment [Doc. #24] is DENIED.

. Plaintiffs no longer are pursuing claims against Linde Gases of the South, Inc., which was originally a Defendant in this action and had joined.in the Motion for Summary Judgment. See Plaintiffs' First Amended Complaint [Doc. # 19].

. Since Plaintiffs have dropped all claims against Defendant Linde Gases of the South, Inc., see supra note 1, only Praxair's residency is considered by the Court.