[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16541
Non-Argument Calendar

_____

D. C. Docket No. 07-00295-CV-4-SPM-WCS

RICKY SWEET,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 18, 2009)

Before DUBINA, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Ricky Sweet, a Florida state prisoner, appeals *pro se* the district

court's denial of his 28 U.S.C. § 2254 petition. We granted a certificate of appealability on one issue: whether the district court erred in finding that it lacked subject matter jurisdiction over Sweet's claim of ineffective assistance of counsel, based on counsel's failure to object to a violation of the Double Jeopardy Clause, because Sweet was not "in custody" on the lesser, simple battery conviction at the time he filed his § 2254 petition.

On July 15, 2003, Sweet was convicted in a jury trial of one count of burglary with a person battered or assaulted (Count 1), and one count of battery (Count 2). The state trial court sentenced Sweet to life for Count 1, and to a sentence of 11 months and 29 days for Count 2. The state trial court instructed that the sentences run concurrently. Sweet filed a direct appeal that he later dismissed. He then filed a state post-conviction motion, arguing for the first time that being convicted of both simple battery and burglary with assault and/or battery constituted double jeopardy, and his counsel's failure to object to this prejudiced him. After an evidentiary hearing, the state court denied relief. On appeal, the Florida Court of Appeals affirmed. Sweet then filed the present federal habeas petition.

Procedurally, we review *de novo* the dismissal of an action for lack of subject matter jurisdiction. *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002).

2

Failure to object to the magistrate's report will usually preclude a party from seeking review of the report's factual findings. *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (addressing a civil contract case); *Hardin v. Wainwright*, 678 F.2d 589, 591 (11th Cir. 1982) ("failure to object to a magistrate's report bar(s) the party from attacking on appeal the factual findings. . .except upon grounds of plain error or manifest injustice." (internal quotation marks omitted)). While Sweet did not object to any findings with respect to the double jeopardy-based ineffective assistance claim, this would preclude challenging only the factual findings, not the legal conclusions. The magistrate judge found – and the district court adopted – that the sentence for Count 2 had been completed. Sweet therefore waived the right to challenge that finding.

In order for a federal court to have subject matter jurisdiction over a habeas proceeding pursuant to statute, the petitioner must also be "in custody pursuant to the judgment of a State court." *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (quoting 28 U.S.C. § 2254). In *Maleng v. Cook*, 490 U.S. 488, 491–92, 109 S. Ct. 1923, 1925–26, 104 L. Ed. 2d 540 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition.

3

In *Garlotte v. Fordice*, 515 U.S. 39, 45-46, 115 S. Ct. 1948, 1952, 132 L. Ed. 2d 36 (1995), the Supreme Court held that consecutive sentences are viewed in the aggregate. When a prisoner serving multiple consecutive sentences has completed one, but not all, habeas jurisdiction exists to challenge the conviction for the expired sentence, because invalidation of that conviction would advance the prisoner's release date. *Id.* at 47, 115 S. Ct. at 1952. However, the Court did not address concurrent sentences.

Because the record demonstrates that the habeas petition was filed in June 2007, long after the end of the shorter sentence, in February 2004, Sweet was no longer "in custody" for the battery charge. *Garlotte*'s holding is applicable only to consecutive sentences, not to concurrent ones. The fact that an expired consecutive sentence, if vacated, would advance the defendant's release date was central to the holding that a prisoner could challenge the underlying conviction of an expired sentence in a habeas proceeding. *Id.* at 47, 115 S. Ct. at 1952. By contrast, a successful habeas action resulting in a vacated concurrent sentence would have no effect on Sweet's release date from his other conviction and sentence. Accordingly, we affirm the judgment of the district court denying habeas relief.

**AFFIRMED.**

4