**Linda ROBBINS, Plaintiff,**

v.

**FRAGRANCE IMPRESSIONS LIMITED, Defendant.**

**Civil Action No. H–94–1545.**

United States District Court, S.D. Texas, Houston Division.

March 31, 1996.

428

Kimberly D. Levi, Houston, TX, for plaintiff.

Robert S. Bennett, Bennett Kenek and Hilder, Houston, TX, for defendant.

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING REMAINING STATE LAW CLAIM

ATLAS, District Judge.

Defendant Fragrance Impressions Limited ("Defendant") moves for summary judgment [Doc. # 18], and has submitted various exhibits [Doc. # 19] ("Defendant's Exhibits") in support of its motion. Defendant contends that it is entitled to judgment as a matter of law on the ground that Plaintiff Linda Robbins has not stated a legally cognizable claim against Defendant. Plaintiff responds, first, by challenging the evidence on which Defendant relies [1] and, second, by contending that there are genuine issues of material fact which preclude summary judgment. See generally Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. # 24] ("Plaintiff's Response"). Plaintiff has submitted her own Affidavit and Defendant's Responses to Plaintiff's Requests for Admission in support of her Response.

### FACTUAL BACKGROUND AND PLEADINGS

Plaintiff filed her complaint in this action on May 6, 1994, alleging sexual harassment and constructive discharge claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., and common law claims for "oral defamation-slander," intentional infliction of emotional distress and fraudulent inducement under Texas law. In response to Defendant's motion, Plaintiff apparently recasts her sexual harassment claim as a "sexual discrimination" claim.[2]

In her Original Complaint [Doc. # 1], Plaintiff alleges that Defendant discriminated against her on the basis of her sex because (i) she was denied promotions to "National Merchandising Manager" and to a regional sales position in February 1992 or January or February 1993 (see Defendant's Motion, at 7–8; Complaint, ¶¶ 19, 20);[3] (ii) her suggestions regarding "brokerage of Fragrance Impressions' lines were ignored"; (iii) she was not allowed to call on corporate clients although a merchandising representative named "Ed" was permitted to do so; and, (iv) apparently in 1991 or 1992, she was denied responsibility for overseeing the Randall's corporate account and a raise and health benefits, which she had allegedly been promised when she initially began selling Defendant's products. See Complaint, ¶¶ 13–20; Plaintiff's Response, at 18–19; Exhibit G to Defendant's Motion (Plaintiff's EEOC Charge, ¶ II).

---

1. The Court addresses these contentions where necessary in its discussions of the parties' claims and contentions. As a general matter, the Court will receive in evidence and will consider the parties' Responses to Interrogatories and Requests for Admission. Plaintiff's contention that a party may not rely on its own sworn answers to discovery is rejected. It is contrary to the plain language of Rule 56 and Plaintiff has supplied the Court with no supporting authorities for her position. The Court excludes from evidence and its consideration Exhibit I (photocopies of two business cards). Their relevance and authenticity are not apparent.

2. Plaintiff's complaint contains a section heading, "A. Sexual Harassment," with allegations in paragraphs 8 through 21, appearing to attempt to allege a claim of discrimination based on her gender. However, in response to Defendant's motion, Plaintiff concedes that she does not have a sexual harassment claim. See Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), at 17. Since Plaintiff has abandoned any sexual harassment claim, this claim is dismissed with prejudice. This result would be required in any event, because Plaintiff alleges no facts which establish that she was subjected to a hostile work environment affecting a "term, condition or privilege of employment," as required in sexual harassment cases. Nash v. Electrospace System, Inc., 9 F.3d 401, 403 (5th Cir.1993). See also Carmon v. Lubrizol Corp., 17 F.3d 791, 794 (5th Cir.1994). Nor does she appear to have exhausted her administrative remedies as to any such claim. See Exhibit G to Defendant's Motion.

3. Plaintiff's allegations are unclear and the references in Defendant's Motion's to Plaintiff's allegations do not match the Complaint. It appears that Plaintiff complains about (i) the alleged promotion of William Boudreau or Gerald Unger to a national sales position in January or February 1993 (see and compare Plaintiff's Affidavit, at second unnumbered page, and Memorandum, dated January 29, 1993, attached thereto, with Defendant's Motion, at 11, and Exhibit C thereto) and the selection of an unnamed person to a regional sales position in February 1992. See Plaintiff's Affidavit, at second unnumbered page; Complaint, ¶¶ 19, 20. These distinctions are not material to the Court's decision.

It appears from the summary judgment record, and particularly Plaintiff's EEOC charge, that Plaintiff began selling Defendant's products in September or October 1990, on a "part-time basis as a merchandiser showing their products to various stores and setting up accounts." Exhibit G to Defendant's Motion (Plaintiff's EEOC Charge, at ¶ II). She acknowledges that she was paid $10.00 "per store visited." Plaintiff's Affidavit, at second unnumbered page. Plaintiff alleged in her EEOC Charge that "[a]pproximately one year later," *i.e.,* in October 1991, she was "offered a full time position with the company with the promise of a six month review and raise and advancement in the company." EEOC Charge, at ¶ II. She further alleged that, when finally given a review in February 1992, she was not given a raise and she "therefore resigned [her] position." *Id.* In May 1992, she was contacted by Robert Luby and offered a job with a pay increase, which she accepted. *Id.* It appears that, starting in June 1992, Plaintiff was paid $11.50 "per store visit." Finally, Plaintiff alleged that, on February 17, 1993, she "was forced to resign [her] position." *Id.* ¶ I; *see* Exhibit H to Defendant's Motion (Defendant's Responses to Plaintiff's Interrogatories, No. 6).

Plaintiff supplements her allegations in the Complaint, as required under Fed.R.Civ.P. 56, with an affidavit submitted in support of her Response to Defendant's Motion. The only factual allegation in the affidavit relating to her gender discrimination claim is that, on one occasion when Robert Luby flew to Houston to "discuss business," he told Plaintiff that the company had chosen a "regional 'salesguy.'" In response to Plaintiff's inquiry as to why Defendant had not selected someone from within the company, Luby allegedly stated:

> I'm going to say this one time and one time only. You will never call on corporate accounts. No woman will ever rise to management in this company, not even a so called office manager. Women do not

have the brains to call on corporate, and they certainly cannot manage other women.

This apparently occurred in February 1992.[4]

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 4, 1993, referring to her treatment by Defendant from 1990 through February 17, 1993. Exhibit G to Defendant's Motion ("EEOC Charge").

### *SUMMARY JUDGMENT STANDARD*

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Bozé v. Branstetter,* 912 F.2d 801, 804 (5th Cir.1990). The facts are to be reviewed with all inferences drawn in favor of the party opposing the motion. *Bozé,* 912 F.2d at 804, *citing Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 (5th Cir.), *revised on other grounds upon denial of reh'g,* 70 F.3d 26 (1995). Although state of mind is at issue in Title VII cases, summary judgment is not precluded. *See Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 956 n. 3 (5th Cir.1993).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. For any matter

---

4. The Court notes that Plaintiff's affidavit states that the comment was made in February 1993. The Court assumes that this is a typographical error, since the affidavit refers to events in chronological order and February 1992 is in sequence, while February 1993 is not. Moreover, the Complaint, at ¶ 20, and Plaintiff's Response, at 18, both refer to this event as having occurred in February 1992. In any event, the exact date is not material to the Court's ruling.

on which the non-movant carries the burden of proof at trial, however, the movant may, by merely pointing to the absence of evidence supporting the essential elements of the non-movant's case, shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact so as to warrant a trial. *Transamerica Ins. Co. v. Avenell,* 66 F.3d 715, 718–19 (5th Cir.1995); *Douglass v. United Serv. Auto. Ass'n,* 65 F.3d 452, 459 (5th Cir.), revised on other grounds, No. 95–50007, 79 F.3d 1415, 1996 WL 140173 (5th Cir. Mar. 28, 1996); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Douglass,* 65 F.3d at 459; *Little,* 37 F.3d at 1075. In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands,* 66 F.3d at 92; *Little,* 37 F.3d at 1075 (citing *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990)). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Little,* 37 F.3d at 1075, (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552).

## LEGAL ANALYSIS

### I.  Title VII Claims

■  *Employee Status.*—Defendant first argues that Plaintiff was not an "employee" of Defendant after her first termination on February 28, 1992, when she ceased being a salaried employee. Plaintiff concedes that her initial work with Defendant starting on October 5, 1990, was paid on a "per store visited" basis, that she received a weekly salary from October 1991 until she quit in February 1992, and that, from approximately June 1992 until she left in February 1993, she again was paid on a "per store visited" basis. Plaintiff's Affidavit, at second unnumbered page. *See* EEOC Charge, ¶ II.[5] However, Plaintiff challenges Defendant's contention that she was not an "employee" at all times. She argues in her Affidavit that Defendant controlled her work, that Defendant gave her all the supplies necessary for her to perform her job, and that Defendant repeatedly gave her detailed written and oral instructions on how to perform her job. She avers that "her job was not limited to a specific time frame but rather was continual." *Id.* She states further, presumably in an effort to establish employee status, that she was promised a raise and health insurance, which she subsequently never received. *Id.*

The Court finds that there is a genuine issue of material fact as to whether Plaintiff was an employee or an independent contractor at the time of her resignation in February 1993 and, therefore, summary judgment is inappropriate on this ground.[6] *See, e.g.,*

---

**5.** Plaintiff's pay during these periods was as follows:

| Period | Range |
| --- | --- |
| Jan. 1991–Oct. 1991 | $100–$395 (no taxes withheld) |
| Oct. 1991–Feb. 1992 | $400 per week (salary) |
| June 1992–Feb. 1993 | $240–731.50 (no taxes withheld) |

*See* Exhibit J to Defendant's Motion (R. Catapano's Affidavit, Exhs. 1 and 2 thereto); *Id.* Exhibit H (Defendant's Responses to Plaintiff's Interrogatories, No. 6). It appears that, between December 1992 and February 1993, while she was being paid $11.50 "per store visit," Plaintiff earned a total of $299. This is clear evidence that, at most, Plaintiff was working only part-time.

Catapano's Affidavit is competent summary judgment evidence and is received by the Court on the issue of Plaintiff's pay from Defendant; however, it is not received on the issue of whether, as a matter of law, Plaintiff was an employee or an independent contractor.

**6.** The Court seriously doubts that, as a matter of law, Plaintiff was an employee during the periods when she was paid on a "per store visit" basis. The memoranda presented by Plaintiff do not support her contention that she was an employee over whom Defendant had a right of control. *See also* Defendant's Responses to Plain-

*Nowlin v. Resolution Trust Corp.,* 33 F.3d 498, 505 (5th Cir.1994) (citing and adopting the multi part test for determining employment status under Title VII set forth in *Spirides v. Reinhardt,* 613 F.2d 826, 832 (D.C.Cir.1979)).

*Sex Discrimination Allegations.*—Summary judgment on the Title VII claims is appropriate on other grounds, however, because Plaintiff has not established a *prima facie* case of discrimination in the conditions of her employment or in denial of any promotion.

■ To establish a *prima facie* case of sex discrimination, Plaintiff must show that she is a member of a protected class, was qualified to assume another position, was rejected for this position, and that, after her rejection, Defendant continued to seek applicants with the same qualifications as Plaintiff. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). Plaintiff's allegations with respect to her of lack of promotions are completely conclusory and unsupported by the facts on which she relies. Defendant correctly points out that Plaintiff has no evidence that similarly situated male employees were treated more favorably than Plaintiff. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957

(5th Cir.1993); *Guthrie v. Tifco Indus.,* 941 F.2d 374, 376–77 (5th Cir.1991), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992). Moreover, Plaintiff submits no evidence to establish that she was as qualified as Gerald Unger or William Boudreau, the individuals who she alleges received national and/or regional sales manager positions.[7] Plaintiff also contends that no women have held officer positions in the company. This argument is without factual support and ignores Defendant's uncontroverted evidence in its Response to Plaintiff's Interrogatory No. 12 (Exhibit H to Defendant's Motion) that eight women either currently hold or have held management or other positions "senior" to that held by Plaintiff.

In addition, to the extent that Plaintiff seeks recovery for the alleged denial of health insurance, and a raise in 1991 or February 1992 in connection with an alleged promise related to the Randall's account, her claim is patently time-barred. Plaintiff did not file her EEOC charge until June 4, 1993, long after expiration of the 300–day statutory period permitted for assertion of claims.

■ Even assuming *arguendo* that Plaintiff can establish a *prima facie* case of sex discrimination, she has failed to show that Defendant's non-discriminatory reason for selecting others as national or regional sales manager was a pretext for sex discrimination.[8] Plaintiff has produced no evidence

---

tiff's Requests for Admission, Nos. 12–15. The memoranda appear to be informational only, describing products and sales promotions being offered. The memoranda also provide helpful tips for dealing with various corporate customers' in-store policies. Without the memoranda, Defendant's sales representatives would not know what to sell and apparently would miss sales opportunities. A sales representative does not become an employee for Title VII purposes—or any other purpose—merely because a manufacturer or wholesaler seeks to make the sales representatives' jobs easier. However, the court is reluctant to rule definitively on the record presented.

7. Plaintiff asks the Court to reject Defendant's proffered evidence regarding Gerald Unger and Plaintiff (*i.e.,* their resumes), Exhibits C and D to Defendant's Motion. The Court relies on Unger's and Plaintiff's resumes only to find that Defendant has met its burden of articulating a non-discriminatory reason for the promotion of a

man instead of Plaintiff. Even if the Court were to grant Plaintiff's request to strike this evidence, Plaintiff fails to establish a question of material fact. The record would be barren of any information concerning Plaintiff's experience or qualifications, and thus her qualification for a national or regional position. If the Court considers the resumes evidence, then Plaintiff clearly is less qualified than Mr. Unger. *See* below for discussion as to whether Plaintiff has met her burden of establishing that there is a genuine question of fact that Defendant's articulated reasons for its decisions are pretextual.

8. The Court finds that the resumes of Gerald Unger, the individual who received the National Sales Manager's position in 1992, and of Plaintiff, submitted as Exhibits C and D to Defendant's Motion, suffice in the context of the present summary judgment record to establish Defendant's legitimate, non-discriminatory reason for selection of another person for the jobs that

that Defendant's articulated reason for selecting Unger over her was pretextual. A plaintiff in a Title VII case must prove that the articulated reason for the defendant's selection of another person was false *and* that discrimination was the real reason for Defendant's actions. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 515–17, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993). None of the evidence proffered by Plaintiff meets her summary judgment burden under *St. Mary's Honor Center.*[9]

Fundamentally, Plaintiff has failed to raise a genuine issue of material fact as to any promotion claim, at least as to National (or Regional) Sales Manager positions. Plaintiff has submitted no proof explaining how a part-time sales representative [10] for a company working in a city across the country from the company headquarters could qualify for a National Sales Manager position. Nor has Plaintiff presented any evidence that Defendant had knowledge of her interest in such a substantial promotion. Therefore, Plaintiff's claim for gender discrimination based on her alleged failure to receive a promotion is dismissed.

■ Similarly, Plaintiff has failed to identify any male who was allowed to call on corporate accounts or attend meetings with customers with Defendant's officers. Her vague assertions that a man named "Ed" in Florida was given such responsibilities is insufficient. Defendant has submitted its sworn responses to Plaintiff's Interrogatories establishing that to the extent Plaintiff intends to refer to Ed Richards, Mr. Richards "was not allowed to call on corporate accounts, contrary to Ms. Robbins beliefs." Exhibit H to Defendant's Motion (Defendant's Responses and Objections to Linda Robbins' First Set of Interrogatories, etc.), No. 14.

■ *Constructive Discharge.*—In addition, Plaintiff has failed to meet her burden in response to Defendant's Motion on her constructive discharge claim. "To find constructive discharge, ... 'the trier of fact must be satisfied that the ... working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.'" *Bourque v. Powell Elec. Mfg. Co.,* 617 F.2d 61, 65 (5th Cir.1980) (quoting *Alicea Rosado v. Garcia Santiago,* 562 F.2d 114, 119 (1st Cir.1977)). "To prove constructive discharge, the plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment." *Landgraf v. USI Film Products,* 968 F.2d 427, 430 (5th Cir.1992), *aff'd on other grounds,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). There is insufficient evidence to present a triable question as to whether a reasonable person would find the working conditions intolerable in Plaintiff's new job. Even if Plaintiff establishes that she was an employee, as opposed to an independent contractor, *see supra,* note 6, there is nothing in the summary judgment record to establish that the working conditions for

Plaintiff allegedly sought. Plaintiff fails to allege, let alone prove, that she was qualified for the positions for which she now claims that she was entitled. Plaintiff fails to assert there was anything incorrect in either Unger's or her own resume. Plaintiff does not contend she needed additional discovery. *See* Fed.R.Civ.P. 56(f). The Court therefore finds that Defendant's Motion adequately put Plaintiff on notice of the issue and Plaintiff has failed meaningfully to respond.

**9.** This is also true of Plaintiff's references to a Mr. William Boudreau. Plaintiff's Affidavit Exhibits include a January 29, 1993 Memorandum concerning Mr. Boudreau's "promotion" to "National Merchandising Manager" from "Regional Account Manager." Plaintiff, however, has not established that (i) she was qualified for this position, or (ii) that she expressed to anyone that she wanted it at the time. Plaintiff's allegations as to seeking this promotion are vague at best and thus insufficient as a matter of law to establish a genuine fact question. Defendant has submitted a sworn explanation in its Response to Plaintiff's Interrogatory No. 15 (Exhibit H to Defendant's Motion) that Mr. Boudreau was not promoted and does not make "headquarter sales calls of any kind." Plaintiff has submitted no proof on this issue and therefore fails to meet her summary judgment burden.

**10.** *See* Affidavit of Robert Catapano, Defendant's Chief Financial Officer, submitted as Exhibit J to Defendants' Motion. Although Plaintiff challenges the admissibility of this Affidavit, it is received by the Court on the issue of Plaintiff's pay. *See supra* note 5.

Plaintiff were difficult, let alone intolerable, as required under Title VII for constructive discharge claims.

■ Moreover, even if Plaintiff was upset by what she characterizes as a denial of a promotion, without more, this is insufficient to show constructive discharge. *See Bourque*, 617 F.2d at 65 (no constructive discharge where Plaintiff's resignation resulted from her disappointment in not receiving an expected salary increase upon end of probationary period, even though her request was for less than the amount being paid to her male predecessor).[11]

Plaintiff has given no reason why she stopped working for Defendant when she did. Plaintiff has submitted no evidence that would be admissible at trial in response to Defendant's Motion on the claim of constructive discharge.

Therefore, Defendant's Motion for Summary Judgment as to Plaintiff's claims for gender discrimination and constructive discharge under Title VII is GRANTED, and those claims are dismissed with prejudice.

### Texas Common Law Claims

■ Plaintiff asserts claims for slander and defamation under Texas common law. *See* Complaint, ¶¶ 27–31. The summary judgment record is unclear as to the dates on which the allegedly slanderous statements were made. It appears that they were made in 1992.[12] Plaintiff contends that the cause of action accrues when the matter is published, and that the limitations period begins to run when the injured person learns of the defamation. Plaintiff's Response, at 11–12

(citing *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 380 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Armstrong v. Morgan*, 545 S.W.2d 45, 47 (Tex.Civ.App.—Texarkana 1976, no writ)).

Plaintiff's Affidavit and other allegations strongly suggest that she knew of the allegedly defamatory statements while she worked with Defendant. Plaintiff's relationship with Defendant ended in February 1993. The statute of limitations for slander is one year. Tex.Civ.Prac. & Rem.Code § 16.002 (Vernon 1986). This suit was filed on May 6, 1994. None of the statements about which she complains appear to be actionable since Plaintiff does not establish that any tolling should apply. Therefore, any statements made prior to May 6, 1993 are time-barred and are not colorable under slander or defamation theories.[13] *See Dwyer v. Sabine*, 890 S.W.2d 140, 142 (Tex.App.—Texarkana 1994).

■ To the extent that Plaintiff attempts to allege a claim for intentional infliction of emotional distress arising out of her purported "employment" relationship, she also fails to state a claim upon which relief can be granted. Under Fifth Circuit and Texas Supreme Court case law, mere adverse employment decisions do not give rise to a claim for intentional infliction of emotional distress. *See, e.g., MacArthur v. University of Tex. Health Ctr.*, 45 F.3d 890, 898 (5th Cir.1995); *Danawala v. Houston Lighting & Power Co.*, 14 F.3d 251, 256 (5th Cir.1993); *Johnson v. Merrell Dow Pharmaceuticals, Inc.*, 965 F.2d 31, 33–34 (5th Cir.1992); *Gearhart v. Eye Care Centers of America, Inc.*, 888 F.Supp. 814, 819 (S.D.Tex.1995); *Randall's Food*

---

**11.** Even if Plaintiff somehow were claiming that she was "demoted" from a senior position, demotion or reassignment to a position with less authority does not constitute constructive discharge. *Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 755 (5th Cir.1986), *aff'd in part and remanded on other grounds*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (no constructive discharge where athletic director/head football coach reassigned to a regular teaching position with no coaching responsibilities). *See also McCann v. Litton Sys., Inc.*, 986 F.2d 946, 952 (5th Cir.1993) ("slight decrease in pay coupled with a loss of some supervisory responsibilities cannot constitute constructive discharge").

**12.** Plaintiff's only references to individual wrongful comments are to conduct by Ted Rice which allegedly occurred in "August and October of 1992." *See* Plaintiff's Affidavit, at third unnumbered page.

**13.** Plaintiff argues in her Response to Defendant's Motion that the statute of limitations for tortious interference with business relations is two years, under Tex.Civ.Prac. & Rem.Code § 16.003. However, this argument is irrelevant since Plaintiff does not allege this cause of action in her Complaint and has not sought leave to amend her pleading. Leave would not be granted, even if sought, since it is too late to amend at this time, *See Little*, 37 F.3d at 1074.

*Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Wornick v. Casas*, 856 S.W.2d 732, 734 (Tex.1993). Plaintiff alleges constructive termination or lack of promotions or opportunities to participate in certain meetings as the basis for her emotional distress claim. These acts are legally insufficient to support such a claim.

Plaintiff also alleges that Defendant asked her to engage in improprieties with respect to customer merchandise, particularly in December 1992, and that this caused Plaintiff severe emotional distress. Accepting Plaintiff's contentions *arguendo*,[14] there is no evidence that Plaintiff was treated differently than any other sales representative. Nothing in her Affidavit (or Complaint) rises to the level of actionable conduct "which goes beyond all possible bounds of decency and is to be regarded as atrocious, utterly intolerable in a civilized community." *Danawala*, 14 F.3d at 256.

Therefore Plaintiff's emotional distress claim is dismissed.[15]

Plaintiff has also asserted a claim for fraudulent inducement with respect to one or more phases of her alleged employment (or independent contractor) positions with Defendant. The scope and bases of this claim are unclear. It cannot be determined when Defendant made certain of the promises on which Plaintiff bases her claim, what acts Plaintiff took in reliance on the alleged promises, or what damages could have been caused by such promises, in light of Plaintiff's part-time status. Moreover, the claim is suspect in light of the at-will employment doctrine in Texas.

Nevertheless, since this Order disposes of all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's fraudulent inducement claim (if it exists at all under the circumstances at bar). *See* 28

U.S.C. § 1367(c)(3). Therefore, this claim is dismissed without prejudice.

### *Conclusion*

Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's Title VII claims, her slander and defamation claim, and her intentional infliction of emotional distress claim.

It is further **ORDERED** that Plaintiff's claim for fraudulent inducement is **DISMISSED** without prejudice.

---

**14.** The Court declines to hold that, or to reach the issue whether Defendant's Memoranda or Mr. Luby's phone message establish procedures that were illegal.

**15.** Another potential ground for dismissal of Plaintiff's emotional distress claim is that it is time-barred by the two year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann.

§ 16.003(a) (Vernon 1996); *Muckelroy v. Richardson Indep. Sch. Dist.*, 884 S.W.2d 825, 829 (Tex.App.—Dallas 1994, writ denied); *Stevenson v. Koutzarov*, 795 S.W.2d 313, 319 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Since Plaintiff's relationship with Defendant ended more than two years before suit was filed, her suit is therefore time-barred.