IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2008

Charles R. Fulbruge III
Clerk

No. 06-20888

MEHRDAD SABZEVARI

Plaintiff-Appellant

v.

THE RELIABLE LIFE INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3240

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mehrdad Sabzevari ("Sabzevari") appeals the district court's grant of summary judgment dismissing his Title VII claims against The Reliable Insurance Company ("Reliable"). We AFFIRM.

## I. BACKGROUND

Sabzevari worked for Reliable as an assistant manager in the Beaumont district office. In September 2000, Reliable promoted Doug Dixon, a white assistant manager in the Beaumont office, to district manager of the Sikeston,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Missouri office. At the meeting announcing Dixon's promotion, Sabzevari declared that he was denied the promotion because of his Iranian national origin. Sabzevari also informed his co-workers and supervisors that he believed the company's failure to promote "foreign race" employees violated Title VII. Sabzevari alleges that after he questioned Reliable's promotion practices, his work environment became so hostile that his doctor placed him on medical leave.

While on medical leave, Sabzevari applied for employment with American National Insurance Company ("American National"). On March 8, 2001, Sabzevari's doctor released him to return to work without restriction. According to Sabzevari, he did not return to work at that time because Reliable still had not addressed his Title VII concerns. On March 15, 2001, Sabzevari filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging national origin discrimination and retaliation.

On March 19, 2001, Sabzevari accepted employment with American National. Three days later, Reliable sent Sabzevari a letter terminating his employment because he had failed to return to work after obtaining a medical release. In August 2002, Sabzevari amended his 2001 EEOC charge to add the claim that Reliable failed to promote him because of his national origin.

Sabzevari filed this lawsuit in August 2003, claiming that Reliable violated Title VII by failing to promote him because of his national origin and by retaliating against him after he expressed opposition to the company's employment practices. He also asserted that he was entitled to punitive damages as a result of these violations. Reliable moved for summary judgment on all of Sabzevari's claims, and the district court granted the motion.

## II. STANDARD OF REVIEW

This court reviews a grant of summary judgement de novo, applying the same legal standard as the district court. Chacko v. Sabre, Inc., 473 F.3d 604, 609 (5th Cir. 2006). Summary judgment is appropriate when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## III. DISCUSSION

Sabzevari argues that the district court erred in granting summary judgment on his failure-to-promote claim, his retaliation claim, and his claim for punitive damages.

Sabzevari first asserts that Reliable discriminated against him by denying him the promotion that it awarded to Doug Dixon. In granting summary judgment on this claim, the district court reasoned that Sabzevari did not amend his charge to include the failure-to-promote allegation until August 2002. Accordingly, the district court concluded that the allegation was not timely filed with the EEOC, and that Sabzevari had not exhausted his administrative remedies for the failure-to-promote claim. On appeal, Sabzevari argues that the original charge he filed with the EEOC was sufficient to exhaust his administrative remedies.

We need not decide this issue. Even if we assume that Sabzevari has exhausted his administrative remedies, summary judgment on the failure-to-promote claim is proper because Reliable has articulated a legitimate, nondiscriminatory reason for promoting Dixon, and Sabzevari has failed to raise a genuine issue of material fact as to whether this reason is a pretext for discrimination.

To survive summary judgment, a plaintiff must satisfy the burden-shifting test found in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Septimus v. Univ. of Houston, 399 F.3d 601, 609 (5th Cir. 2005) (citing McDonnell Douglas). Under this test, a plaintiff must first establish a prima facie case of discrimination. Id. The burden then shifts to the defendant to set forth a legitimate, nondiscriminatory reason for its decision. Id. "The defendant's burden during this second step is satisfied by producing evidence, which, 'taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'" Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993)). Selection of a more qualified applicant is a legitimate and nondiscriminatory reason for preferring one candidate over another. See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 251-253 (1981). If the defendant produces a legitimate reason, any presumption of discrimination raised by the plaintiff's prima facie case vanishes. Septimus, 399 F.3d at 609. However, the plaintiff may still avoid summary judgment by demonstrating a genuine issue of material fact as to whether the legitimate reasons proffered by the defendant are a pretext for discrimination. Id.

Reliable articulated a legitimate, nondiscriminatory reason for promoting Dixon to the district manager position: selection of the most qualified candidate. Thus, the burden shifts to Sabzevari to show pretext. Sabzevari attempts to do so in two ways. First, he argues that Dixon was not qualified for the promotion because Dixon received two reprimands: one more than two years before the promotion for not submitting a specific application to the home office, and one nearly five years before the promotion for an unspecified infraction of the

4

company's underwriting rules. However, Sabzevari has pointed to no company policy or past promotional decision to support the conclusion that these reprimands should have disqualified Dixon.

Second, Sabzevari attempts to establish pretext by arguing that he was more qualified for promotion than Dixon. For Sabzevari to establish pretext in this way, he must raise a fact issue as to whether he was "clearly better qualified" and not merely "similarly qualified." Odom v. Frank, 3 F.3d 839, 847 (5th Cir. 1993). Sabzevari argues that he is clearly better qualified because Dixon had problems recruiting other employees. However, the summary judgment evidence demonstrates that Dixon and Sabzevari earned identical scores on recruiting evaluations in the period immediately preceding the promotion. Moreover, recruiting is only one criterion among many that Reliable considers when promoting district manager candidates. Even if Sabzevari established that he had superior recruiting skills, this would not raise an issue as to whether he was "clearly better qualified" on the whole. Because Reliable articulated a legitimate, nondiscriminatory reason for promoting Dixon, and Sabzevari has failed to raise a genuine issue of material fact as to whether this reason was pretextual, this claim need not be tried.

Sabzevari also argues that Reliable retaliated against him, after he reported his concerns that the company's employment practices violated Title VII, by: (1) denying him a transfer to the Austin office, (2) terminating him, and (3) creating a hostile work environment.

A prima facie claim of retaliation has three elements: (1) the employee engaged in a protected activity, (2) the employer took adverse action against the employee, and (3) a causal connection exists between the protected activity and the adverse employment action. See Hockman v. Westward Commc'ns, LLC,

407 F.3d 317, 330 (5th Cir. 2004). An adverse employment action is one that a reasonable employee would find to be "materially adverse," i.e., one that might "dissuade a reasonable worker from making or supporting a charge of discrimination" under Title VII. Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415 (2006) (internal quotations omitted).

First, Sabzevari argues that Reliable retaliated by denying him a transfer from the assistant manager position in Beaumont to the assistant manager position in Austin. Reliable counters that denial of a lateral transfer, such as the one Sabzevari sought, cannot constitute an adverse employment action. The Supreme Court recently adopted the "materially adverse" standard for determining whether an action constitutes an adverse employment action. See id. Under the "materially adverse" standard, "a transfer that does not involve a demotion in form or substance cannot rise to the level of a materially adverse employment action." Brown v. Brody, 199 F.3d 446, 455-56 (D.C. Cir. 1999) (quoting Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997)); see also Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 900 (7th Cir. 2003). Sabzevari presented no evidence that a transfer from the assistant manager position in Beaumont to the assistant manager position in Austin was anything but a lateral transfer in terms of pay, promotional opportunities, working conditions, and other objective factors. Therefore, denial of the lateral transfer from Beaumont to Austin is not a materially adverse employment action, and cannot support Sabzevari's retaliation claim.

Second, Sabzevari argues that Reliable retaliated against him by terminating his employment. Reliable disagrees that it terminated Sabzevari, arguing that Sabzevari "effectively quit" when he accepted employment with

American National. We agree. Sabzevari failed to return to work after he received his medical release. In addition, he accepted employment with American National before Reliable terminated him. In light of this evidence, Sabzevari has failed to show that Reliable would not have terminated him "but for" his opposition to the company's employment practices.

Third, Sabzevari contends that Reliable retaliated against him by creating a hostile work environment. Specifically, Sabzevari alleges that Reliable demanded that he move within the twenty-five miles of the Beaumont district office. Reliable argues that the company had a longstanding rule that required all district managers to live within their districts and asserts that it would have invoked this rule even if Sabzevari had not engaged in protected activity. Reliable offered evidence that such a rule was in place long before Sabzevari began to work for the company in Beaumont, and that the rule applied to all district managers. The company also submitted evidence that all other managers in the Beaumont district lived within its boundaries, and that it had asked Sabzevari to move within the Beaumont district on multiple occasions before he ever voiced Title VII concerns.

Sabzevari counters that Reliable created this rule to harass him and that it applied the rule only to him. To support this claim, he offered evidence that the rule was not a part of any written policy. Sabzevari also argues that Reliable cannot cite any documentation to support the contention that its managers instructed him to move before he raised Title VII concerns. However, the fact that the policy was unwritten does not refute the testimony of Reliable's managers that such a policy was actually in place. Furthermore, the fact that Reliable cannot produce documentation that it instructed Sabzevari to move before his complaints does not defeat the testimony of multiple Reliable

7

employees that the company indeed issued such instructions. Accordingly, Reliable has articulated a legitimate, nondiscriminatory reason for requiring Sabzevari to move, and Sabzevari has not raised a genuine issue of material fact as to whether this reason was a pretext for retaliation.

Sabzevari also alleges that Reliable created a hostile work environment by labeling him a troublemaker and a traitor and by ostracizing him. But Sabzevari fails to substantiate these claims with any evidence. Such conclusory assertions are not sufficient to stave off summary judgment. See Douglass v. United Servs. Auto Ass'n, 65 F.3d 452, 459 (5th Cir. 1995). For these reasons, we affirm the district court's grant of summary judgment on Sabzevari's retaliation claims.

Finally, Sabzevari contends that the district court improperly dismissed his claim for punitive damages. Because we affirm the dismissal of Sabzevari's Title VII claims, his argument that he is entitled to punitive damages as a result of these claims also must fail.

## IV. CONCLUSION

For these reasons, we AFFIRM the district court's grant of summary judgment in favor of Reliable.