# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-31139

MONA EGLAND GRIFFIN

Plaintiff-Appellant

v.

CITGO PETROLEUM CORP

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-cv-00790

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Mona Egland Griffin ("Griffin") appeals the district court's award of summary judgment to Defendant-Appellee Citgo Petroleum Corporation ("CITGO") on her claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964. Griffin asserts that her purported supervisor, Matthew Fitzgerald ("Fitzgerald"), engaged in *quid pro quo* and/or hostile work environment sexual harassment by seeking sex in exchange for training opportunities which could lead to a promotion. She also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that CITGO is liable for her coworkers' retaliation against her and that CITGO failed to transfer her to a different position in a timely fashion. Finally, she claims that the district court erred by granting CITGO's motion to strike a transcript of a phone conversation she allegedly had with Fitzgerald before she had an opportunity to respond to CITGO's motion. We AFFIRM for essentially the same reasons that the district court provided in granting summary judgment to CITGO.

First, irrespective of CITGO's challenge to the timeliness of Griffin's EEOC Charge of Discrimination, Griffin cannot establish that she suffered a tangible employment action in the denial of training under the facts of this case. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753-54 (1998). She claims that Fitzgerald denied her training that could lead to a promotion, but it is undisputed that under CITGO's collective bargaining agreement, CITGO promoted its employees solely based on seniority, not training. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406-07 (5th Cir. 1999) (determining that the plaintiff could not prevail on her denial of training claim because she could not show that the training would affect her employment status, benefits, or responsibilities). Thus, Griffin cannot demonstrate that Fitzgerald's refusal to train her for the Chief Operator position constituted a tangible employment action, meaning that she did not suffer *quid pro quo* sexual harassment. Accordingly, CITGO may successfully invoke the *Faragher/Ellerth* affirmative defense to a hostile environment claim. *See Casiano v. AT&T Corp.*, 213 F.3d 278, 284 (5th Cir. 2000) (citing *Faragher*, 524 U.S. at 808; *Ellerth*, 524 U.S. at 765).[1] The record reveals that CITGO exercised reasonable care to prevent and correct Fitzgerald's sexual harassment once

---

[1] For this reason, we need not determine whether or not Fitzgerald was actually Griffin's supervisor.

Griffin complained about it and that Griffin failed to avail herself of CITGO's preventative or corrective opportunities.

Second, even if CITGO could be liable for Griffin's coworkers' retaliation, Griffin has not established that CITGO's management knew of the conduct before she reported it or that CITGO failed to respond appropriately. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 347 (6th Cir. 2008). Indeed, CITGO initiated an investigation immediately after Griffin complained of retaliation from her coworkers, and she did not suffer any further retaliation. Additionally, Griffin asserts that CITGO retaliated by not transferring her to a different unit in a timely fashion, but the record reveals that CITGO created a new position for her and transferred her within approximately six months of her request. Much of the short delay in transferring her stemmed from her lawyer's negotiations with CITGO and the creation of this brand new position. Moreover, under the facts of this case, any purported denial of a lateral transfer did not affect Griffin's employment status, benefits, or responsibilities, meaning that it did not constitute a materially adverse employment action for a claim of retaliation. *See Sabzevari v. Reliable Life Ins. Co.*, 264 F. App'x 392, 396 (5th Cir. 2008) (per curiam) (unpublished) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 900 (7th Cir. 2003) and *Brown v. Brody*, 199 F.3d 446, 456 (D.C. Cir. 1999) (noting that "a purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action" (internal quotation marks omitted))).

Finally, although the district court erred in granting CITGO's motion to strike the transcript before Griffin had a chance to respond, Griffin has failed to demonstrate how the error was anything but harmless. *Cf. O'Hara v. Gen. Motors Corp.*, 508 F.3d 753, 764 (5th Cir. 2007) (recognizing a harmless error exception to the rule that a district court may not *sua sponte* grant summary judgment without providing at least ten days' notice). The district court granted

the motion to strike because Griffin failed to authenticate the transcript, but the court still reviewed the evidence and determined that it actually hurt Griffin's case. Accordingly, although the court should have waited to rule on CITGO's motion to strike until it received Griffin's response (or the time for a response expired), this error was harmless.

In sum, the district court correctly granted summary judgment to CITGO on all of Griffin's claims. We therefore AFFIRM.

AFFIRMED.