[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14042
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cv-00645-HWM-MCR


PATRICIA ANN HINES-SHARP,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 6, 2013)

Before BARKETT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Patricia Hines-Sharp appeals the district court's judgment affirming the

denial of her applications for disability insurance benefits and supplemental social

security income.   Because Hines-Sharp has not shown the Administrative Law

Judge (ALJ) erred in posing a hypothetical question to the Vocational Expert (VE)

about what work she could perform, we agree with the district court that

substantial evidence supported the denial of her applications.

Hines-Sharp applied for social security disability benefits in 2006.  At a

hearing on June 9, 2009, an ALJ took testimony from Hines-Sharp, reviewed

documents that she had filed, and elicited testimony from a VE.  After the hearing,

the ALJ issued a decision denying Hines-Sharp's application, finding she had the

residual functional capacity (RFC) to perform her past relevant work as a vegetable

harvester.  Hines-Sharp petitioned to the district court for review, contending the

ALJ erred by omitting from its hypothetical question to the VE some of her mental

impairments.  A magistrate judge issued a report and recommendation (R&R) that

the ALJ's decision be affirmed, and Hines-Sharp did not object.  The district court

adopted the R&R.  This is Hines-Sharp's appeal.

"We review de novo the district court's decision on whether substantial

evidence supports the ALJ's decision." *Wilson v. Barnhart*, 284 F.3d 1219,

1221 (11th Cir. 2002). [1]  "Substantial evidence is more than a scintilla and is

---

[1] We review only for plain error or manifest injustice a party's challenge on appeal to factual findings in an R&R if the party did not file any objections to the R&R.  *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).  But we can nonetheless review the legal conclusion of whether substantial evidence supports the ALJ's findings despite Hines-Sharp's failure to object.  *See Hardin v. Wainwright*, 678 F.2d 589, 591 (5th Cir. Unit B 1982); *see also Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) (adopting as

2

such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (internal citations and quotation marks omitted). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (internal citations and quotation marks omitted).

Social security regulations set forth a five-step evaluation process for disability claims, asking:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on [an RFC] assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Id.* at 1178; *see* 20 C.F.R. §§ 416.912 (supplemental security income), 404.1520 (disability insurance benefits). To evaluate the severity of a claimant's mental impairments in steps two and three, the regulations direct the ALJ to use a special Psychiatric Review Technique (PRT). *Moore v. Banhart*, 405 F.3d 1208, 1214

binding all decisions issued by a Unit B panel of the former Fifth Circuit); *cf. Holley v. Seminole Cnty. Sch. Dist.*, 755 F.2d 1492, 1499 n.5 (11th Cir. 1985) ("[T]he substantial evidence inquiry, though a factual review of a sort, is a question of law for the court which can be made upon a review of the administrative record.").

(11th Cir. 2005); *see also Winschel*, 631 F.3d at 1180-81. Using this technique, the ALJ must decide if a claimant's mental impairments cause limitations in one of "four broad functional areas," one of which is the claimant's ability to maintain "concentration, persistence, or pace . . . ." 20 C.F.R. § 404.1520a(c)(3). If the ALJ finds such a limitation, then the ALJ must include it as part of a description of the claimant's RFC in any hypothetical question posed to the VE. *Winschel*, 631 F.3d at 1180-81.[2] Only if the limitation is included can the VE's testimony constitute substantial evidence supporting the ALJ's decision. *Id.* If the ALJ determines at step four that the claimant can perform her past relevant work, that ends the inquiry and the claimant is not entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(iv), (f); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).

In this appeal, Hines-Sharp's only claim is that the hypothetical question the ALJ posed to the VE did not adequately encompass her mental impairments, and, therefore, that the ALJ's decision at step four that she could perform her past

---

[2] The Commissioner correctly notes that *Winschel* dealt with whether the VE's testimony constituted substantial evidence supporting a decision at step five, whereas the ALJ's decision in this case was made at step four. 631 F.3d at 1181. This matters, the Commissioner asserts, because the claimant bears the burden of proof at step four to show her *inability* to perform her past relevant work, while the Commissioner bears the burden at step five to prove the existence of significant numbers of jobs in the national economy that the claimant could perform. *See Doughty v. Apfel*, 245 F.3d 1274, 1278-79 & n.2 (11th Cir. 2001). But we have no occasion to decide in this case if that different placement of the burden makes a difference in the applicability of *Winschel*'s reasoning because, even if we assume *Winschel* applies as Hines-Sharp argues, the VE's testimony constituted substantial evidence supporting the ALJ's determination.

relevant work is not supported by substantial evidence.[3]  At the PRT stage of the analysis, the ALJ found Hines-Sharp had marked difficulties in concentration, persistence, and pace.  To do so, it relied exclusively upon a psychological examination by Dr. Sherry Risch.  In posing a hypothetical to the VE, however, the ALJ did not say Hines-Sharp had limitations in concentration, persistence, and pace.  That, Hines-Sharp claims, contravened our decision in *Winschel*.

In *Winschel*, we explained "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."  631 F.3d at 1180.  Instead, the hypothetical question must "include or otherwise implicitly account for all of [a claimant's] impairments" – including those in concentration, persistence, or pace – for the answer to it to constitute substantial evidence.  *Id.* at 1181.  *Winschel* does not, however, stand for the proposition that an ALJ must intone the magic words concentration, persistence, and pace if the ALJ finds based on the PRT that a claimant has limitations in that broad functional area.  Indeed, we noted that an ALJ may account implicitly for those limitations in other ways when crafting a hypothetical.  *Id.*  Moreover, we recognized that the Commissioner's policy *requires* ALJs to be more detailed in evaluating a claimant's RFC at step four than

---

[3] Because Hines-Sharp raises only this issue in her appellate brief, she has abandoned any other challenge to the district court's order affirming the ALJ's decision denying her benefits. *Rehberg v. Paulk*, 611 F.3d 828, 846 n.14 (11th Cir. 2010).

in assessing the severity of mental impairments at steps two and three. *Id.* at 1180 (quoting *Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d. Cir. 2004)); *see* SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("The mental RFC assessment used at step[] 4 . . . requires a more detailed assessment by itemizing various functions contained in the broad categories . . . and summarized on the PRT[ form].").

That is precisely what the ALJ did in this case. The ALJ did not simply restrict the hypothetical to unskilled work, as happened in *Winschel*. Dr. Risch's opinion stated that Hines-Sharp had "marked limitations in understanding and remembering complex instructions," carrying out those instructions, and "making judgments on complex work-related decisions," along with "moderate limitations in responding appropriately to usual work situations and to changes in a routine work setting . . . ." The ALJ's PRT finding was expressly and exclusively based upon these more specific findings. Hines-Sharp does not challenge that decision. At the hearing, rather than including in the hypothetical posed to the VE the generalized PRT description "marked limitations in concentration, persistence, and pace," the ALJ instead quoted the more specific findings about Hines-Sharp's mental impairments from Dr. Risch's report – nearly verbatim. Hines-Sharp does not explain how the ALJ's inclusion of these more detailed descriptions of her limitations on which the PRT finding was based in the hypothetical question failed to reflect the limitations from the PRT. She has, therefore, failed to carry her

6

burden of showing substantial evidence did not support the ALJ's determination that she could perform her past relevant work and was, thus, not disabled.

**AFFIRMED**.